IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER C. LAYMAN, SR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-cv-01015-NKL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

ORDER

Pending before the Court is Christopher C. Layman, Sr.'s Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. # 1]. For the reasons set forth below, the Motion is denied.

I.  Background

On May 27, 2009, Layman pleaded guilty to a one-count indictment of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At Layman's plea hearing, he was advised of his rights, waiver of rights by a guilty plea, and the maximum penalty. A presentence investigation report was made available to Layman prior to his sentencing hearing. The report included a section detailing "offender characteristics," which included information such as Layman's mental and emotional health and substance abuse. The report also included a section on "factors that may

1

warrant departure." Layman's only objection to these sections of the report was based on his assertion that his criminal history was adequately and well reflected by his criminal history category, and thus an upward departure was not warranted. At the sentencing hearing on September 24, 2009, the Court found that Layman had a criminal history of category VI and an offense level of 17. According to these parameters, the Sentencing Guidelines suggest a sentence range between 51 to 63 months. The Court departed from the Guidelines and sentenced Layman to 84 months' imprisonment and three years' supervised release, noting his lengthy criminal history, addiction to controlled substances, the need to protect the public from further crimes by him, and his need for vocational training and treatment to address his substance abuse and mental health issues.

After sentencing, the Court informed Layman: "[Y]ou have the right to appeal [the Court's] decision. You have ten days in which to file an appeal. If you fail to file an appeal in ten days you forever give up your right to appeal. Do you understand?" [Doc. # 30, at 18:6-9]. Layman responded: "Yes, ma'am." [Doc. # 30, at 18:10]. Layman did not appeal his sentence and it became final on October 8, 2009.

From March 15, 2010 until August 8, 2010, Layman was held in state custody for charges in Johnson County, Kansas. According to Layman, he did not have access to federal law books or materials during this time. On October 13, 2010, Layman deposited this instant motion into the prison mailing system. It was docketed on October 15, 2010. Layman argues that the Court abused its power when it sentenced him in excess of the Sentencing Guidelines. Layman also asserts that he was not aware of the fact he could

file any type of appeal because his attorney did not explain to him the options available to him.

## II. Discussion

As a preliminary matter, Layman filed his section 2255 motion outside the one-year limitations period within which such claims must be filed. A section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255. Layman's deadline for filing a timely section 2255 motion was October 8, 2010. Layman did not mail his motion until October 13, 2010. Layman argues, however, that equitable tolling should be applied to toll the one-year statute of limitations during the time he had been held in state custody because he was without access to materials with which to aid him in filing his motion.

"Equitable tolling is only appropriate in instances where extraordinary circumstances beyond a petitioner's control prevent timely filing." *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) (citing *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005)). The petitioner must also demonstrate he acted with due diligence in pursuing his petition. *See id.* Here, even if the Court considers Layman's detention at an institution that lacked federal law books to be an "extraordinary circumstance," Layman fails to show that he acted with due diligence in pursuing his section 2255 motion. In his current motion, he fails to even allege any attempt to acquire legal texts or any effort to pursue someone to assist him, or any effort to contact the Court to identify his problem. Indeed, key to the court's holding in *Roy v. Lampert*, 465 F.3d

3

964 (9th Cir. 2006), a case to which Layman cites in support of his argument, was that the prisoners exercised "reasonable diligence" in attempting to file their motions. *Id.* at 973. Here, Layman fails to allege or demonstrate such diligence.

Layman also appears to argue that his detention in state custody was an impediment that prevented him from filing his motion. He refers to 28 U.S.C. § 2255(f)(2), which calculates the one-year statute of limitations from the date the impediment is removed. Layman asserts that his motion was timely filed because the limitation period should not have run until he was released from state custody. However, the impediment referred to in section 2255(f)(2) is "governmental action in violation of the Constitution or laws of the United States." The state's retention of Layman prior to trial in state court does not amount to the violative government action referred to in section 2255(f)(2). Layman does not refer to any other government action that would compel the application of section 2255(f)(2).

Even if Layman's motion had been timely filed, Layman's claim is not cognizable in a section 2255 motion. "A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Here, Layman failed to file an appeal after he acknowledged that he understood that he had a right to appeal the Court's decision, and that he would forever give up his right to appeal if he did not file his appeal within ten days of the decision. Further, Layman's claim contests the Court's sentence, which does not relate to constitutional or jurisdictional

issues. To the extent that Layman's claim can be considered to raise constitutional issues, he has failed to show cause and actual prejudice to excuse his failure to raise them on direct appeal. *United States v. Frady*, 456 U.S. 152, 168 (1982); *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Layman's statement that he was not aware he could appeal because his attorney did not explain to him his options is unavailing, as the Court had directly informed him of his right to appeal.

Accordingly, the Court hereby orders that Layman's Motion [Doc. # 1] is DENIED.

                                                 s/ Nanette K. Laughrey
                                                 NANETTE K. LAUGHREY
                                                 United States District Judge

Dated: February 14, 2011
Jefferson City, Missouri